UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGELA LYTLE, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO: 2:06-CV-169-PPS-APR |
| ) | |
| BOARD OF LAKE COUNTY ) | |
| COMMISSIONERS, LAKE COUNTY ) | |
| CORONER'S OFFICE, DAVID PASTRICK, ) | |
| in his individual capacity and official capacity, ) | |
| and J.W. WILLIAMS, in his individual capacity ) | |
| and official capacity, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a motion to dismiss the complaint against Defendant David Pastrick ("Pastrick") in his individual capacity. [Doc. 15.] In her Amended Complaint [Doc. 22-1], Plaintiff Lytle asserts claims against several defendants pursuant to Title VII (Counts I and III) and various state law causes of action (Counts II, IV, V, VI, and VII) arising from an alleged incident of sexual harassment and assault by Defendant J.W. Williams, Deputy Coroner at Defendant Lake County Coroner's Office. For the reasons below, Defendant Pastrick's motion to dismiss is **GRANTED**, in part, and **DENIED**, in part. This Court dismisses, with prejudice, the Title VII claims brought against Defendant Pastrick in his individual capacity; however, Defendant Pastrick, in his individual capacity, cannot be dismissed from the action because Plaintiff has sufficiently plead a cause of action against Defendant Pastrick under § 1983.

**I.    BACKGROUND**

1

Taking the allegations of the Plaintiff as true and drawing all inferences in her favor, the following facts are relevant to the claims against Defendant Pastrick in his individual capacity. Plaintiff Lytle ("Lytle"), a white female, was enrolled as a student at Calumet College, through which she participated in an internship at Defendant Lake County Coroner's Office ("LCCO") to earn college credit for her work. [Doc. 22-1 at ¶¶ 7-9; *Id.* at Ex. A.] Plaintiff was a temporary or special employee of LCCO, beginning in February 2005. [*Id.* at ¶ 7-8.] Defendant David Pastrick was at all times relevant an employee of Lake County, Indiana, and acting as the Coroner of the Lake County Coroner's Office. [Amended Compl. at ¶ 4.]

On or about February 23, 2005, Lytle was grabbed inappropriately by Defendant Williams in a sexual manner while in the break room at LCCO. [*Id.* At ¶ 12.] Defendant Williams previously had been accused of sexual harassment or battery during his tenure at LCCO. [*Id.* at ¶13.] Lytle reported this incident to her supervisor, Joe Escobedo, who contacted the Lake County Sheriff's Office to report the incident. [*Id.* at ¶¶ 14, 18.] After the assault, Lytle returned to the LCCO to give a statement to the Lake County Sheriff's office; however, she was unable to complete her internship, thereby resulting in her inability to graduate on schedule. [*Id.* at ¶¶ 19-20.]

Lytle's career at the LCCO was ended due to the actions of Defendant Williams and the subsequent action or inaction by the remaining Defendants. [*Id.* at 21.] Specifically, all of the Defendants, acting within the scope of their employment and in their individual capacities, participated in or took no action to stop the discriminatory acts and retaliation directed at Lytle. [*Id.* at ¶ 27.]   According to the allegations of the Amended Complaint, Plaintiff's only claims

against Defendant Pastrick, in his personal capacity, appear to be brought pursuant to Title VII.[1] Defendant Pastrick now moves to dismiss Plaintiff's Amended Complaint against Defendant Pastrick in his individual capacity on the grounds that Title VII does not provide for personal liability.

## II.  DISCUSSION

Rule 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).  If the plaintiff can prove no set of facts that would entitle her to relief, dismissal under Rule 12(b)(6) is appropriate.  *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003).

Federal complaints plead claims rather than facts, *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006); accordingly, pleadings in federal court need not allege facts corresponding to each element of a statute.  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a

---

[1] In her Amended Complaint, Plaintiff alleges that her claims against Defendant Pastrick are brought pursuant to Title VII; however, Plaintiff suggests that she might also be pursuing a claim against Defendant Pastrick under 42 U.S.C. § 1981.  (*See* Pl.'s Response, Doc. 18, at p. 3, directing the Court to the proper standard for analyzing a § 1981 claim).  Because Plaintiff is white and has not alleged any racial discrimination, the Court cursorily dismisses any arguments regarding § 1981's applicability to the present action.  *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir. 1984) (recognizing that claims of sex discrimination are not cognizable under § 1981, as the section applies only to alleged discrimination on the basis of race or alienage).

3

few tidbits . . . that will let the defendant investigate.  A full narrative is unnecessary." *Kolupa*, 438 F.3d at 714.  "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . . ' should stop and think:  What rule of law requires a complaint to contain that allegation?"  *Doe*, 429 F.3d at 708.  A plaintiff receives the benefit of "any fact that could be established later consistent with the complaint's allegations." *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006).

Defendant Pastrick asserts that he should be dismissed from this action because he is not a potentially liable "employer" under Title VII.  Title VII makes it unlawful for an employer to discriminate or retaliate against an employee based on that employee's race, color, national origin, religion, or sex.  42 U.S.C. § 2000e-2.  The only proper defendant in a Title VII case is the plaintiff's "employer," as defined within the statute.  Because a supervisor does not fall within the statutory definition of an "employer," the Seventh Circuit has repeatedly found that Title VII does not impose liability on supervisors in their individual capacity for acts that violate the statute.  *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995); *see also Geier v. Medtronic, Inc.*, 99 F.3d 238 (7th Cir. 1996) (finding that a supervisor in his individual capacity does not fall within Title VII's definition of an "employer").

Plaintiff's Title VII claims against Defendant Pastrick, in his individual capacity, fail because Defendant Pastrick does not fall within Title VII's definition of an "employer." According to the allegations contained in the Amended Complaint, Plaintiff was employed by LCCO when she was subjected to the alleged discriminatory acts.  [Doc. 22-1, ¶ 8.]  At the time of the alleged discrimination, Defendant Pastrick was an employee of LCCO.  [*Id.* at ¶ 4.]  While the LCCO may be liable for Plaintiff's alleged damages under Title VII, David Pastrick, in his

4

individual capacity, may not.  *Williams*, 72 F.3d at 554.  Accordingly, the Title VII claims in Counts I and III against Defendant Pastrick in his individual capacity are dismissed with prejudice.

The Court's analysis is not complete, though, as Plaintiff appears to be attempting to plead a cause of action against Defendant Pastrick under § 1983.  As noted by the Seventh Circuit decision in *Hildebrandt v. Illinois Department of Natural Resources*, 347 F.3d 1014 (7th Cir. 2003), a plaintiff can sue an employer for alleged violations of Title VII while bringing similar claims under § 1983 against the individual defendants.[2]  *Id.*   It is well-established that the intentional sexual harassment of female employees by a state employer constitutes sex discrimination for purposes of the equal protection clause of the Fourteenth Amendment.  *Bohen v. City of East Chicago*, 799 F.2d 1180, 1185 (7th Cir.1986); *see also Valentine v. City of Chicago*, 452 F.3d 670 (7th Cir. 2006) (finding that victims of sexual harassment by a state employee can seek redress under § 1983 based upon violation of Equal Protection Clause).

Supervisory officials for the state are personally liable under § 1983 if, while under color of state law, they act or fail to act "with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the deprivation occurs at their direction or with their knowledge and consent."  *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982).  Here, Plaintiff alleges that all of the defendants, acting in both their official and individual capacities,

---

[2]In her Response, Plaintiff incorrectly argues that her complaints of "constitutional depravity under Title VII" are "not at all outlawed by the Seventh Circuit['s decision in *Hildebrandt*] because "[t]he *Hildebrandt* court ... determin[ed] personal liability under Title VII." (Pl.'s Resp. at p. 4.)  The *Hildebrandt* court never addressed whether a plaintiff is entitled to bring an action against an individual defendant under Title VII; instead, the court analyzed Title VII claims against an employer and § 1983 claims against the individual defendants.

5

"demonstrated a continuous, repetitious and degenerative cycle and pattern of gender harassment, gender discrimination, and retaliation against the Plaintiff." (Doc. 22-1 at ¶ 27.) Under federal pleading rules, Plaintiff has sufficiently plead her cause of action against Defendant Pastrick in his individual capacity under § 1983 based upon an alleged violation of the Equal Protection Clause. *See generally Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278 (7th Cir. 2002) (plaintiff is not required to plead legal theories in complaint, "but merely to describe his claim briefly and simply.") Plaintiff has sufficiently described her claim for harassment against Defendant Pastrick, so this Court will treat Plaintiff's Amended Complaint against Defendant Pastrick in his individual capacity to be brought pursuant to § 1983 based upon an alleged violation of the Equal Protection Clause.

### III.   CONCLUSION

For the reasons set forth above, Defendant Pastrick's motion is **GRANTED,** in part, and **DENIED**, in part**.**  Accordingly , the Title VII claims against Defendant Pastrick, in his individual capacity, are **DISMISSED**, but Defendant Pastrick, in his individual capacity, remains a party to this case because Plaintiff has sufficiently stated a cause of action against him under § 1983.

**SO ORDERED**.

ENTERED:  February 6, 2007

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT

6